IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jamie Elliott,                          :

                 Plaintiff              :        Civil Action 2:08-cv-01144

    v.                                  :        Judge Marbley

Gary   Sims,   Religious   Services     :        Magistrate Judge Abel
Administrator
and   Michael   Sheets,   Warden,  Ross :
Correctional Institution,

                                        :

                 Defendants

                                        :

# Report and Recommendation

It is **RECOMMENDED** that plaintiff Jamie Elliott 's December 11, 2008 motion

for designation as a class action (doc. 5) be **DENIED.** Rule 23(a)(4), Fed. R. Civ. P.

requires the plaintiff to demonstrate that he "will fairly and adequately protect the

interests of the class." The ability of both the plaintiff and his attorney to adequately

represent the class is the most important discretionary decision a court must make in its

ruling on the motion to certify. *See, Harriss v. Pan American Airways,* 74 F.R.D. 24, 42

(N.D. Calif. 1974). The experience and ability of counsel must be carefully considered.

*See, Cross v. National Trust Life Insurance,* 553 F.2d 1026, 1031 (6th Cir. 1977).

Non-attorney, *pro se* litigants cannot fairly and adequately represent and protect

the interests of class members. *McGoldrick v. Werholtz,* 185 Fed. Appx. 741, 744, 2006 WL

1704463, **2 (10th Cir. June 22, 2006); *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d

1320, 1321 (10th Cir. 2000); *Phillips v. Tobin,* 548 F.2d 408, 413-15 (2d Cir. 1976); *Oxendine*

*v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975). Consequently, claims brought by prisoners who are not represented by counsel cannot be maintained as class actions. *Martin v. Middendorf,* 420 F. Supp. 779, 780-81 (D. D.C. 1976); *Carlisle v. Sierlaff,* 62 F.R.D. 441, 442 (E.D. Ill. 1974); *Jeffrey v. Malcolm,* 353 F. Supp. 395, 397 (S.D. N.Y. 1973).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<div style="margin-left: 50%;">

s/Mark R. Abel
United States Magistrate Judge

</div>