IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE ELLIOTT, *et al.*, | : | |
| Plaintiffs. | : | Civil Action 2:08-cv-1144 |
| v. | : | Judge Marbley |
| GARY SIMS, *et al.* | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court pursuant to Plaintiff's Motion for Order that Defendants be Deprived of Federal Funding (Doc. 10), Plaintiff's Motion for Order Compelling Discovery (Doc. 19), Defendants' Motion to Stay (Doc. 30), Defendants' Motion for Leave to File Attached Answer Instanter (Doc. 31), Defendants' Motion for Leave to Depose Plaintiff (Doc. 32), "Defendants' Motion to Deny Justin Watson and Eric Branham Status as Plaintiffs in the Instant Case" (Doc. 34), and Plaintiff's Motion to Strike Defendants' Motion to Dismiss Watson as Untimely (Doc. 43). The Court will address these pending motions as follows.

**Motion to Deny Status as Plaintiffs**

This case was originally filed on December 3, 2008, by Plaintiff Jamie Elliott alone. On January 26, 2009, Justin Watson moved for leave to join this action as a

1

plaintiff. (Doc. 15.) On January 29, 2009, the Court granted this motion, although it ordered him to, within thirty days, either pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 16.) The order stated, pursuant to Fed. R. Civ. Pro. 72(a), that any party could file objections to this ruling within ten days.[1] On January 30, 2009, Eric Branham moved for leave to join this action as a plaintiff. (Doc. 17.) On February 4, 2009, the Court granted this motion, although it ordered him to, within thirty days, either pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 18.) This order also stated that any party could file objections to this ruling within ten days.

On March 16, 2009, Defendants filed a document entitled Motion to Deny Justin Watson and Eric Branham Status as Plaintiffs in the Instant Case. (Doc. 34.) In this motion, Defendants made two arguments. Defendants first noted that Watson and Branham had failed to comply with the Court's orders to either pay the filing fee or move to proceed *in forma pauperis*. Defendants then cited cases where courts had found joinder improper where it was logistically impractical for plaintiffs to all sign the same pleadings, or where they had found that plaintiffs' claims did not really arise out of the same transaction or occurrence, as required by Fed. R. Civ. Pro. 20(a)(1)(A).

---

[1] Although Defendants had not yet answered or otherwise responded to the Complaint on January 29, 2009, their counsel had entered an appearance on January 14, 2009 (see Doc. 12) and received notice of the Court's order. Defendants did not move to extend their time to move to reconsider the orders at issue here, although they did move to extend other deadlines (Docs. 12 and 22).

On March 17, 2009, the Court issued an order that Watson and Branham show cause why they should not have their claims dismissed for failure to comply with the court's orders on payment of fees. (Doc. 35.) On March 23, 2009 and March 30, 2009, respectively, Branham and Watson responded to the court's order, explaining that prison procedures had delayed their ability to obtain certificates necessary to complete applications to proceed in forma pauperis. (Docs. 36, 42.) On March 25, 2009 and April 3, 2009, they filed motions to proceed in forma pauperis. (Docs. 41, 44.) On April 7, 2009, the Court granted the two plaintiffs' motions. (Doc. 45.)

Plaintiffs filed responses to Defendants' Motion to Deny Status, pointing out this motion was untimely. They argued that the Court's orders granting Watson and Branham leave to join gave ten days to file objections (as provided for in Fed. R. Civ. Pro. 72(a)). Defendants' Motion, however, given that it objected to joinder, amounted to objections to the Magistrate Judge's orders permitting such joinder. Plaintiffs argued that it was therefore filed several weeks late.

Plaintiffs' argument is well taken. Defendants, if they wished to object to the joinder of Watson and Branham to this action, should have done so during the periods given to object to the Magistrate Judge's orders joining them. Defendants' motion making the same objections was filed several weeks late. Said Motion (Doc. 34) is accordingly **DENIED**. Striking the untimely motion is unnecessary, however, and so Plaintiff Watson's corresponding Motion to Strike (Doc. 43) is **DENIED**.

3

### Motion to Deprive Defendants of Federal Funding

On December 29, 2008, Plaintiff Jamie Elliott filed a motion requesting that Defendants be deprived of federal funding for failing to abide by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc. He stated that Defendants and the Ohio Department of Rehabilitation and Corrections signed contracts to receive federal funding promising to abide by RLUIPA, and that they have failed to comply with the mandates of this statute. Defendants have presented several different reasons for denying this motion, including the facts that no such relief was requested in the complaint, that neither the State of Ohio nor the United States is a party to this litigation, that the actual defendants in this action did not themselves receive federal funding, and that Plaintiffs have not presented any kind of evidence or legal argument supporting the relief sought. Defendants are correct on all these points. The Motion (Doc. 10) is frivolous and is **DENIED**.

### Motion for Leave to File Answer, Motion to Compel, Motion for Leave to Depose Plaintiff, and Rule 56(f) Motion

Plaintiff Jamie Elliott filed this action on December 3, 2008. (Doc. 1.) Defendants were served on December 11, 2008, and their initial answer date was December 31, 2008. (Doc. 9.) On January 14, 2009, two weeks after Defendants' answer date, they moved for an extension of time, claiming that they needed more information to formulate responses to Plaintiff's complaint, motion for designation of class action status, and motion for summary judgment. Because of the unusual

scope of the response required, the Court granted this untimely request, and extended Defendants' response date until February 23, 2009 (Doc. 13.)

On February 23, 2009, Defendants filed a second motion for extension of time, asking to have their response date postponed until March 16, 2009. (Doc. 22.) The Court granted this extension in part, setting a new response date of March 9, 2009. (Doc. 25.) In that order, it stated: "**No further extensions of time to move or plead in response to Plaintiffs' Complaint will be granted.**" (Emphasis in original.) Despite this order, Defendants failed to timely move or plead in response to Plaintiffs' Complaint by March 9, 2009.

Defendants have now filed a Motion for Leave to File the Attached Answer Instanter. (Doc. 31.) Their started reasons for disregarding the Court's extension order were (1) acute illness on the part of Defendants' counsel, and (2) a failure to correctly calendar the response date. They argue that, pursuant to Fed. R. Civ. Pro. 6(b)(2), a deadline can be retroactively extended upon a showing of excusable neglect, and that the neglect in this case was excusable. Defendants' counsel submitted, in support of this motion, a declaration under penalty of perjury stating that she had only recently become "well enough to return to the office on a full-time basis." (Doc. 31-2 at 1.)

Plaintiffs, in opposing this request, understandably point to the Court's clear and explicit instruction specifying a deadline and stating that no further extensions of time would be granted. They reiterate their earlier statement in a memorandum contra one of Defendants' prior extension requests, which claimed an "abusive

5

history of counsel for defendants... to cause unnecessary delay". (Doc. 14 at 1.) In that memorandum contra, they cited the Court's order of January 9, 2009 in *Scuba v. Wilkinson*, Case No. 1:06-cv-160 (S. D. Ohio 2009), in which Magistrate Judge Hogan rebuked Defendants' current counsel for requesting five extensions of time to respond to discovery, and two extensions of the discovery deadline, without ever producing any discovery. Morever, Defendants requested four extensions of time to respond to a motion to compel said discovery. (*Id.* at Doc. #134, p. 2.)

It is with this in mind that the Court examines Defendants' claim of excusable neglect. In determining whether excusable neglect will permit a late filing, a court will examine the extent of prejudice to the non-moving party, the length of delay and its impact upon the proceedings, the reason for the delay, and whether the movant has acted in good faith. *Pioneer Investment Services Co. v. Brunswick*, 507 U.S. 380, 395 (1993). Defendants urge as to these that "Plaintiff has not suffered any prejudice by the delay", that the delay of two weeks had no impact upon the proceeding, that the delay was occasioned by acute illness and human error, and that Defendants' counsel filed an answer immediately upon discovering that the response was past due.

The Court rejects Defendants' contention that Plaintiffs have not suffered any prejudice by the delay. Plaintiff prisoners brought this litigation claiming that they have been forced to violate their religious beliefs as Sabbatarians by being compelled to work on Sunday. The Court estimates that nine Sundays elapsed between the date originally set for Defendants' answer and the final extension

deadline. Two more Sundays passed between Defendants' final filing date and the date upon which they finally moved for leave to answer. If Plaintiffs' contentions are taken as true, whether or not they were compelled to work on these eleven Sundays was presumably a matter of great interest to them.

Nevertheless, it does not appear that denying leave to answer in this case would serve the interests of justice, especially in light of the fact that two of the defendants were not finally joined until after Defendants' motion was filed. Defendants' motion for leave to file an answer out of rule (Doc. 31) is therefore **GRANTED**. Pages 6 through 8 are deemed the Answer of Defendants Gary Sims and Michael Sheets. The Clerk of Court is **DIRECTED** to note that Defendants demand trial by jury. (Doc. 31 at 6.)

Plaintiffs, at the outset of this case, filed a motion for summary judgment (Doc. 11). This motion was timely filed. Fed. R. Civ. Pro. 56(a)(1). Defendants received extensions of time until March 6, 2009 to respond to this motion. (Doc. 25.) Contemporaneous with their motion for leave to file an answer, Defendants filed a motion under Fed. R. Civ. Pro. 56(f), asking the Court to stay consideration of this motion for summary judgment until Defendants have had an opportunity to conduct depositions. (Doc. 32.) Defendants also filed a motion for leave to depose Plaintiff Jamie Elliott. Defendants did not attach to their motion an affidavit, as required by Fed. R. Civ. Pro. 56(f), setting forth the specific reasons why they cannot present facts to oppose summary judgment. They did, however, attach an affidavit to the simultaneously-filed motion for leave to amend, in which Defendants' counsel stated

7

her reasons for delay.

On February 19, 2009, Plaintiff Jamie Elliott filed a motion to compel. (Doc. 19.) To this he attached two documents. The first was a set of requests for production of documents and requests for admissions, dated December 8, 2008, and directed towards Defendant Gary Sims. The second was correspondence sent to Defendant's counsel on January 20, 2009, inquiring as to the reasons for Defendant's failure to comply with these discovery requests. Plaintiff Jamie Elliott averred in his motion to compel that he had received no response to these, and asked that the Court issue an order pursuant to Fed. R. Civ. Pro. 37(a) compelling discovery.

Defendants have made no response to Plaintiff's motion to compel. They have not, in their motion for leave to file an answer, in their motion to stay the Court's decision on summary judgment, or elsewhere, made any reference to pending discovery. They have also not explained why the illness of Defendants' counsel might have prohibited Defendant Gary Sims from answering these discovery requests.

Plaintiff's Motion to Compel (Doc. 19) is **GRANTED**. Defendant Gary Sims is hereby **ORDERED** to respond to Plaintiff's request for production of documents dated December 8, 2008 within fifteen days of the date of this Order. Furthermore, the Court notes that, under Fed. R. Civ. Pro. 36(a)(3), "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection". The record demonstrates

8

that Defendant Gary Sims made no answer to the requests for admissions; he also has not represented to the Court that he did not receive these requests or that had some objection to them. Therefore, accordingly, Plaintiff's Requests for Admissions #1-9, propounded on December 8, 2008, are deemed **ADMITTED** by Defendant Gary Sims. Defendant Gary Sims, if he wishes his admissions to be withdrawn or amended, may file a motion for permission to do so pursuant to Fed. R. Civ. Pro. 36(b).

Defendants' Motion for Leave to Depose Plaintiff (Doc. 32) is **GRANTED**. Defendants may depose Plaintiff Jamie Elliott at such a time as to provide at least ten days' notice to Plaintiff Jamie Elliott and the warden of the prison where he is incarcerated. Defendants may likewise depose Plaintiffs Justin Watson and Eric Branham if they so choose. Defendants' Motion to Stay Consideration of Plaintiff's Motion for Summary Judgment (Doc. 30) is **GRANTED**. Defendants shall have, pursuant to Fed. R. Civ. Pro. 56(f)(2), until June 15, 2009, to respond to Plaintiff's Motion for Summary Judgment (Doc. 11). **No further extension will be granted** for this response, unless Defendants' counsel should show by affidavit that Defendants have been unable to present facts essential to justify its opposition because of delays caused by the Plaintiffs.

### Conclusions

Therefore, accordingly, Defendants' motion to deny plaintiff status (Doc. 34) is **DENIED**. Plaintiffs' motion to strike (Doc. 43) is **DENIED**. Plaintiff's motion to

9

deny federal funding (Doc. 10) is **DENIED**.  Defendants' motion for leave to file an answer (Doc. 31) is **GRANTED**.  Defendants' motion to stay (Doc. 30) is **GRANTED**, and they shall have until **June 15, 2009** to respond to Plaintiff's motion for summary judgment (Doc. 11).  Defendants' motion for leave to take prisoner depositions is **GRANTED** (Doc. 32).  Plaintiff's motion to compel (Doc. 19) is **GRANTED**, and Defendant Gary Sims is **ORDERED** to Plaintiff's outstanding request for production of documents within fifteen (15) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel\
United States Magistrate Judge